United States District Court
Southern District of Texas

**ENTERED**
May 08, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| AUGUSTINE TRISTAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:25-CV-00057 |
| | § | |
| ERIC GUERRERO, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Respondent Eric Guerrero's motion for summary judgment. D.E. 10. On March 16, 2026, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R), recommending that the Court grant the motion and dismiss Petitioner Augustine Tristan's habeas corpus petition as time barred. D.E. 13. The parties were provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Petitioner timely filed a "Written Objection" with the Court on March 30, 2026. D.E. 15.

A district court must review de novo any portions of a magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. Fed. R. Civ. P. 72(b). After considering proper objections, the district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. *Id.* As to any portion for which no objection is

1 / 3

filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

In his sole objection, Petitioner states that the reason he filed his petition late was because he is "100% disabled for PTSD." D.E. 15. He also mentions that he did not have a lawyer to help him with his petition. These reasons are insufficient to excuse Petitioner's untimeliness or to warrant equitable tolling. As noted in the M&R, "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (per curiam).

Moreover, while mental illness or disability may sometimes warrant equitable tolling, a petitioner must show that he is incompetent and that his incompetence affected his ability to file a petition on time. *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013). Petitioner has not made this showing. Accordingly, the objection is **OVERRULED**.[1]

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Petitioner's objection and all other relevant documents in the record, and having made a de novo review of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court **OVERRULES** Petitioner's objection and **ADOPTS** as its own the findings and

---

[1]  In the rest of his "written objection," Petitioner merely re-urges the grounds raised in his petition. D.E. 15. Because this is not directed at a specific portion of the M&R, it is not a proper objection and the Court need not address it.

2 / 3

conclusions of the Magistrate Judge (D.E. 12). Accordingly, this action is **DISMISSED**, and the Court **DENIES** a Certificate of Appealability.

      **ORDERED** on May 8, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE